## Samuel Coffman and Thomas H. Brown
### v.
## Clarinda National Bank.

*Banks—Drafts—Agreement by Commission Merchant to Pay upon Presentation—Cashing of by Local Bank—Recovery on.*

In an action brought by a bank to recover on a draft upon commission merchants to its order, the amount called for having been paid by it to the drawers, this court holds that the agreement by the commission merchants to honor drafts upon stock about to be shipped, was legally binding upon them, being acted upon by said bank, and that the course of business between the parties previous to the making of the draft in question was such as to warrant plaintiff's claim, and declines to interfere with the judgment in its behalf.

[Opinion filed December 2, 1889.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. Dupee, Judah & Willard, for appellants.

Messrs. Peckham & Brown, for appellee.

Moran, J.  Appellants were in the livestock commission business, at the Union Stock Yards, in Chicago. Webb Brothers were a firm engaged in buying cattle and shipping them to market to sell, their field of operations being in Clarinda and other points in Iowa and Missouri, along the line of the H. & S. R. R.

On May 18, 1889, said Webb Brothers drew the following draft on appellants:

"$5,000.                         Clarinda National Bank,
                              Clarinda, Iowa, 5 – 18, 1889.

Pay to the order of Clarinda National Bank five thousand 00-100 dollars.

                                   Webb Brothers.

To Coffman & Brown,
       U. S. Yds., Chicago, Ill."

This draft was delivered on the day it was drawn to the Clarinda National Bank, and said bank cashed the checks of Webb Brothers to the amount of said draft, the money being used by said Webb Brothers to pay for four car loads of cattle and one car load of hogs, which they had purchased and were about to ship to appellants.

On the same day said Webb Brothers wrote appellants, saying: "We ship you four cars of cattle to-day, and will ship hogs to-morrow or Thursday. Have made drafts for $5,000 this A. M."

The draft was sent on to Chicago for collection by the Clarinda Bank, and was presented to appellants the day before the cattle arrived, but, it is contended, was not accepted by them.

The hogs mentioned in Webb Brothers' letter were not shipped to appellants, it being found they would sell better at a point in Iowa.

After the cattle had been sold by appellants, the draft was again presented to them and they refused payment upon it, and credited the proceeds of the sale of the cattle upon an indebtedness due from Webb Brothers to them.

On the trial, which was by the court, a jury being waived, appellee introduced evidence tending to show that appellant Coffman, acting for his firm, promised Webb Brothers in the fall of 1885, to pay such drafts as they should make on appellants, to pay for stock that said Webb Brothers had in sight, and which could be shipped within a few days. That Webb Brothers communicated said agreement to the Clarinda National Bank, and that the parties entered upon a course of dealing under such arrangement, and that between October 21, 1885, and the date of the draft in question, appellants paid some fifty-four drafts drawn by Webb Brothers in favor of the Clarinda National Bank, amounting in the aggregate to $76,000, for money advanced by the bank to Webb Brothers to pay for live stock purchased, to be shipped, and which was shipped, to appellants. It was further shown that the car load of hogs when purchased and when loaded was intended to be shipped to appellants, but that after the bank had

advanced the money on the draft on the understanding that it was to be used to pay for the stock to be shipped to appellants, the hogs were sent to other consignees.

Appellant Coffman denied that he made any such agreement to pay drafts drawn by Webb Brothers, and the conflict of evidence thus arising was one which must be held to be conclusively settled in favor of appellee by the finding of the trial judge who saw the witnesses and heard them testify. The course of business during the winter and spring preceding the making of the draft in question, appears to give substantial support to appellee's claim, but even if this were not so, we could not interfere with the finding.

The draft sued on was, in our opinion, one of a character which the contract, if made, bound appellants to pay. That such agreement may be made, and is legally binding when acted upon by third persons, is well settled. Nelson v. First National Bank, 48 Ill. 36; Boyce v. Edwards, 4 Peters, 122.

The judgment of the Superior Court must be affirmed.

*Judgment affirmed.*